## KAHULA *vs.* H. Z. AUSTIN.

EXCEPTIONS FROM SECOND CIRCUIT COURT.

HEARING, JANUARY 24, 1890.   DECISION, FEBRUARY 7, 1890.

JUDD, C. J., McCULLY, BICKERTON, DOLE, JJ.

In an action of tort, the defendant, a school teacher, having cut the hair of a pupil, the plaintiff's daughter, without consent:
Held, that an officer of the Board of Health had no authority to direct the school teacher to do it, and that the school teacher, being without authority to cut the hair as a sanitary measure, could not, either, do it as a punishment.

OPINION OF THE COURT, BY McCULLY, J.

This was an action of tort brought in the Police Court of Wailuku, Maui, appealed to the Circuit Judge in Chambers, from whom exceptions were taken to the Circuit Court of the Second Judicial Circuit, which overruled *pro forma* the exceptions taken to the rulings of the Circuit Judge in Chambers, which bill of exceptions and the records and papers on file are the matter before this Court.

We quote what is necessary, viz :

STATEMENT OF FACTS.

The parties admit that on the 10th day of October, A. D. 1889, Kela, being a minor daughter of Kahula, the plaintiff in this suit, and attending as a scholar in the Waihee Government School, of which H. Z. Austin, the defendant in this suit, is the principal teacher, there and then the said defendant did cut the hair of the minor, Kela, against her wishes and against the wishes of the said plaintiff. Plaintiff has demanded $50.00 damages of said defendant. Said defendant refuses to pay the same, and pleads justification in law.

G. Herbert, sworn :  I am the Government physician for the District of Wailuku.  It is part of my duties to examine the

school children in the district. Know Kela ; I did not order her hair cut. The vermin could have been removed by other means.

Cross-examined. About nine days before the 10th of October I examined the Waihee School children and examined Kela; cannot say what the condition of her head was. My general instructions to H. Z. Austin were, as I saw that some of the children had vermin and sores on their heads, that the hair should be properly cleaned, and that I would provide some salve for the purpose; but if they should neglect to do so, after due notice had been given to them and their parents, then their hair should be removed. I gave the order both as a physician and as an officer of the Board of Health from a sanitary point of view, for the sake of the health of the children infected and for the cleanliness of the school. From my present examination of Kela's head I see no necessity of having had to cut her hair at the time.

Plaintiff rests.

H. Z. Austin, sworn : As near as I can remember, Dr. Herbert's instructions to me, after his finding out that some of the scholars were infested, were that he would provide the salve and soap and that I must tell their parents that if they did not clean the heads of their children then I should cut off their hair. My attention was called to the condition of the head of this child Sarah or Kela by my assistant teacher, in whose room she is, and on my looking I saw that she was so infested; then I took Sarah and gave her in charge of my school officer and told him to take her to her mother to clean her head. The next day Sarah returned to school still dirty ; I asked her if her mother had cleaned her head, she answered no, so I set her aside with others to have their hair cut that day.

The assistant teacher testified to the same facts.

The Circuit Judge held that the defendant was not justified by law in his proceeding, and confirmed the judgment of the Police Court awarding the plaintiff one dollar damages.

## BY THE COURT.

The justification claimed for the assault is "that the Board of Education or the Board of Health have the right to make such rules with regard to the cleanliness of scholars as they may deem necessary, and that such rule was made in this case, and that the rule and its application in this case has not exceeded their authority." Defendant's Brief.

We must distinguish the authority of the Board of Health and of the Board of Education.

We know of no authority in the Board of Health to enforce cleanliness of the person in a matter where there would be no authority to quarantine to prevent the spread of dangerous diseases. The Board has authority to proceed only according to rules adopted and promulgated, and there is no rule applicable to the case described, and probably no rule could be supported on the ground of the necessity of protecting the public health. It is also to be said that the Board of Health could not exercise special authority over school children other than that founded on their powers in the case of contagious diseases. As Dr. Herbert would have had no authority to cut the girl's hair, he could not authorize the teacher to do it.

The Board of Education and the teacher, who in this case may be treated as one, have the power of the government and discipline of the school. By section 24 of the School Act, C. L. page 206, "Each teacher shall have the power to administer necessary and reasonable punishment upon the pupils of his school and shall not in any way be punishable for so doing." The justification must be as a punishment if it was not a legal sanitary measure.

Punishment is inflicted for disobedience. Who was disobedient in this case? The defendant testifies, "I gave her in charge of my school officer and told him to take her to her mother to clean her head." The next day it appeared that the mother had not obeyed the order.

But is cutting the hair a "reasonable punishment" at all? It may be a matter of mutilation. In the case of a girl pupil particularly it might be an intolerable outrage for a teacher to

cut her hair off. It needs no exposition to show what flagrant violation of personal right might be inflicted if this were justifiable as a punishment.

Is there then no protection for the teacher and other scholars from contact with a pupil in an offensive condition from preventible causes ? Yes. We deem it within the authority of the teacher to order that such a pupil be not allowed to attend school until it is made decent, and we are of opinion that the absence being so ordered would not justify the " person responsible for the child as a minor " in proceedings under the Act for enforcing the attendance of children at school, Chapter 43 of the Laws of 1888.

The exceptions are overruled.

*V. V. Ashford,* for plaintiff.

*A. P. Peterson,* Deputy Attorney-General, for defendant.